**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| In Re: | ) | In Proceedings |
| | ) | Under Chapter 7 |
| ROBERT WADE WALLACE, | ) | |
| SARAH MARIE WALLACE, | ) | |
| | ) | BK 10-31899 |
| Debtors. | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| US BANK HOME MORTGAGE, | ) | |
| | ) | |
| Creditor. | ) | |

**MOTION FOR CONTEMPT AND/OR SANCTIONS FOR VIOLATION OF DISCHARGE ORDER AND FOR VIOLATION OF AUGUST 1, 2012 ORDER**

COME NOW the Debtors, Robert & Sarah Wallace, by and through their attorneys, the Law Offices of Mueller & Haller, L.L.C., and for their Second Motion for Contempt and/or Sanctions for Violation of Discharge Order state as follows:

1. On July 26, 2010, the Debtors filed for relief under Chapter 7 of the Bankruptcy Code.
2. That this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(1).
3. That this is a "core" proceeding under 28 U.S.C. § 157(b)(2)(A), (b)(2)(E) and (b)(2)(O).
4. That venue is proper in this Court pursuant to 28 U.S.C. § 1409.
5. That the Creditor, US Bank Home Mortgage, was included as a creditor, as the mortgage holder of the debtors' residence, listed on Schedule D in the initial schedules filed in the bankruptcy proceeding.
6. That the Creditor, US Bank Home Mortgage, received notice of the bankruptcy filing and the Chapter 7 341 meeting from documents mailed by the Court.
7. That on September 10, 2010, the Chapter 7 341 Meeting of Creditors in this case was

held in East St. Louis, Illinois.

8. That on November 16, 2010, the Order Discharging Chapter 7 Debtor was entered by the Court.

9. That while the Debtors originally intended to reaffirm on the mortgage with the Creditor, US Bank Home Mortgage, no reaffirmation agreement was ever filed with the Bankruptcy Court.

10. That on January 3, 2012, Debtors' counsel sent a letter to the Creditor, US Bank Home Mortgage, to advise the debtors wished to surrender the residence secured by the mortgage.

11. That on February 15, 2012, Debtors' counsel sent a second letter to the Creditor, US Bank Home Mortgage, to advise the debtors wished to surrender the residence secured by the mortgage.

12. That on March 27, 2012, the Debtors provided counsel with two Mortgage Statements, dated February 16, 2012 and March 16, 2012, received from the Creditor, US Bank Home Mortgage. Said statement indicated the mortgage loan is past due for the January 1, 2012 mortgage payment in the amount of $$1,489.96 and $1,986.14 respectively.

13. That on March 28, 2012, Debtor's counsel's staff sent a letter to the Creditor, US Bank Home Mortgage, to advise of the pending bankruptcy case and the debtors' surrendering of the property and requesting the Creditor, US Bank Home Mortgage, should cease attempting to collect on the debt or the matter would be pursued through the Bankruptcy Court.

14. That on June 19, 2012, the Debtors provided counsel with a Mortgage Statement, dated

May 16, 2012, received from the Creditor, US Bank Home Mortgage. Said statement indicated the mortgage loan is past due for the January 1, 2012 mortgage payment in the amount of $3,008.50.

15. That on June 28, 2012, the Debtors provided counsel with a Mortgage Statement, dated June 18, 2012, received from the Creditor, US Bank Home Mortgage. Said statement indicated the mortgage loan is past due for the January 1, 2012 mortgage payment in the amount of $3,519.68.
16. That on June 29, 2012, the Debtors filed Motion for Contempt and/or Sanctions for Violation of Discharge Order against US Bank Home Mortgage.
17. That on July 2, 2012, the Court scheduled a hearing for July 17, 2012, on the Debtors' Motion for Contempt and/or Sanctions for Violation of Discharge Order.
18. That on July 10, 2012, Debtors' counsel was contacted by Attorney Brian Hockett, counsel for US Bank Home Mortgage, regarding a potential settlement of the Motion for Contempt and/or Sanctions for Violation of Discharge Order.
19. That between July 11, 2012, and July 16, 2012, a number of e-mails were exchanged between Debtors' counsel and Attorney Brian Hockett, counsel for US Bank Home Mortgage, regarding a possible settlement of the Motion for Contempt and/or Sanctions for Violation of Discharge Order.
20. That on July 17, 2012, counsel reported the Debtors' Motion for Contempt and/or Sanctions for Violation of Discharge Order resolved.
21. That on August 1, 2012, an Order on Motion for Contempt and/or Sanctions for Violation of Discharge Order was entered by the Court. Said Order Provided as follows: US Bank

Home Mortgage shall tender $3,000.00 to Debtors' counsel in full and final settlement of all allegations and claims set forth or arising from the Motion with $2,300.00 being paid to the Debtors and $700.00 being paid to Debtors' counsel for attorney fees and costs; US Bank Home Mortgage would report to the three nationwide credit agencies that the debt was discharged in a Chapter 7 Bankruptcy and that there is not liability remaining on the debt and remove any deficiency; and US Bank Home Mortgage shall not contact the Debtors except as necessary to comply with notice requirements and due process with regard to the foreclosure process on the property. Further said Order was signed by the creditor's counsel, Brian Hockett.

22. That on August 13, 2012, Debtors' counsel received a letter from US Bank Home Mortgage acknowledging the bankruptcy filing and stating "U.S. Bank Home Mortgage is reaching out to you, as legal counsel for the above referenced customers in an effort to facilitate a workout option with your client(s). We may be able to work to arrange for repayment on the terms that are affordable and acceptable to all parties." Said letter further went on to request the Home Affordable Modification Program Government Monitoring Data Form and Request for Transcript of Tax Return be completed and returned to US Bank Home Mortgage.

23. That on August 21, 2012, Debtors' counsel received a letter, dated August 20, 2012, from US Bank Home Mortgage's counsel. Said letter contained two checks in the amount of $700.00 and $2,300.00 as provided by the August 1, 2012, Order on Motion for Contempt and/or Sanctions for Violation of Discharge Order.

24. That on October 11, 2012, the Debtors provided counsel with a copy of a letter, dated

September 21, 2012, received from US Bank Home Mortgage. Said letter stated that a recent property inspection had been completed and indicated the property was vacant and/or unsecured. Said letter stated, "You must contact our office to advise of the status of the property within 5 calendar days from the date of this letter, or action will be taken to secure and , if necessary, winterize the property in order to protect our interest. You may contact us at 1-800-365-7900." Said letter further stated, "Please understand that this is not an attempt or an action to dispossess you of your property. It is merely an action to protect our security interest as provided in the Mortgage or Deed of Trust agreements." In addition said letter, "We are attempting to collect a debt, any information obtained will be used for that purpose."

25. That on October 12, 2012, the Debtors provided counsel with a copy of a letter, dated September 19, 2012, received from US Bank Home Mortgage. Said letter advising the Debtors of a "default and breach of the mortgage because we have not received monthly installment payments thereunder." Said letter further stated "You are not obligated or liable under the Note and Mortgage because you have discharged this debt in your bankruptcy proceedings. Therefore, we are not requesting or demanding funds. We wish, however, to advise you that we will accept a cure of the default should you wish to do so."

26. That US Bank Home Mortgage is continuing to violate Court Orders by not complying with the Order of Discharge and the August 1, 2012, Order on Motion for Contempt and/or Sanctions for Violation of Discharge Order.

27. As a result of the conduct of US Bank Home Mortgage, the Debtors have filed a second Motion to pursue "discharge violations and other relief against the Creditor in this proceeding."

28. As a result of the failure of US Bank Home Mortgage, to abide by the discharge injunction and other Court Orders, the Debtors have found it necessary to devote unnecessary hours to efforts to resolve the matter and that all of this time was unwarranted and unnecessary.

29. The Debtors have worried about this situation and has feared that US Bank Home Mortgage have some improper motive for continuing to contact the Debtors regarding a discharged debt and in violation of Court Orders.

30. The conduct of US Bank Home Mortgage in this case has substantially frustrated the discharge injunction and other Court Orders in effect in this case and has caused the Debtors unwarranted and unnecessary time, effort and expense in seeking to enforce rights guaranteed by the Bankruptcy Code.

31. As a result of the above violation of 11 U.S.C. §727, US Bank Home Mortgage is liable to the Debtors for actual damages, punitive damages, and legal fees under Section 105 of Title 11 of the United States Code.

32. In order to protect debtors who have filed for relief under the Bankruptcy Code, this Court should impose sanctions against US Bank Home Mortgage for their misconduct in this case.

WHEREFORE the Debtors having set forth their claims for relief against US Bank Home Mortgage respectfully pray of the Court as follows:

A. That the Debtors have and recover against US Bank Home Mortgage a sum to be determined by the Court in the form of actual damages;

B. That the Debtors have and recover against US Bank Home Mortgage to be determined by the Court in the form of punitive damages;

C. That the Debtors have and recover against US Bank Home Mortgage all reasonable legal fees and expenses incurred in pursuit of this Motion;

D. That US Bank Home Mortgage be prohibited from collecting fees and costs associated with defending this action;

F. That the Debtors have such other and further relief as the Court may deem just and proper.

ROBERT & SARAH WALLACE,

By: _/s/ William A. Mueller _
William A Mueller-#06187732
James J Haller-#06226796
Rachel A. Hill_#51818
Attorneys for Debtors
5312 West Main Street
Belleville, Illinois 62226
(618) 236-7000

**NOTICE OF ELECTRONIC FILING AND**
**CERTIFICATE OF SERVICE BY MAIL**

| | | | |
|---|---|---|---|
| STATE OF ILLINOIS | ) | | Case No: 10-31899 |
| | ) | SS | |
| CITY OF BELLEVILLE | ) | | Chapter 7 |

Krista Doiron, being duly sworn, deposes and says:

Deponent is not a party to the action, is over 18 years of age, and resides in St. Clair County, Illinois.

On October 22, 2012, Deponent electronically filed with the Clerk of the U. S. Bankruptcy Court the **Motion for Contempt and/or Sanctions for Violation of the Discharge Order and for Violation of Augist 1, 2012 Order**.

The Deponent served electronically the **Motion for Contempt and/or Sanctions for Violation of the Discharge Order and for Violation of Augist 1, 2012 Order** to the following parties:

U.S. Trustee Robert Eggmann

And served by mail to the following parties:

US Bank Home Mortgage
4801 Frederica St
Owensboro KY 42301

US Bank Home Mortgage
PO Box 790415
St Louis MO 63179-0415

Richard K Davis, Chairman, President & CEO
US Bancorp
US Bancorp Center
800 Nicollet Mall
Minneapolis, MN 55402-4302

Robert Wallace
1000 Main Apt 3
Alton IL 62002

US Bancorp
c/o The Corporation Trust Co, Reg Agent
Corporation Trust Company
1209 Orange St
Wilmington, DE 19801

Lee R. Mitau, Exec. V.P. & General Counsel
US Bankcorp
US Bancorp Center
800 Nicollet Mall
Minneapolis, MN 55402-4302

Sarah Wallace
PO Box 87275
S Roxana IL 62087

Brian Hockett
Thompson Coburn LLP
One US Bank Plaza
St Louis, MO 63101

by depositing a true copy of same, enclosed in a postage paid properly addressed wrapper, in a Belleville City Branch, official depository under the exclusive care and custody of the United States Postal Service, within the State of Illinois.

By: /s/ Krista Doiron